**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV115-MU-1**

| | |
|---|---|
| EUGENE MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| Vs. ) | **ORDER** |
| ) | |
| MECKLENBURG COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed March 24, 2009.

Plaintiff has filed a Complaint setting forth in a single sentence a litany of problems he allegedly experienced while housed at the Mecklenburg County Jail. By way of example, the sentence starts "Negligence and indifference: starvation, deprivation, massive loss of weight, conflict altercation with another inmate massive amount of blood loss denied hospital emergency attention tort claim within that same following week a hyperextended pinky finger that happened on a Friday early afternoon and did not get med [sic] attention or even looked at by a nurse until the following Monday . . . ." Plaintiff names as defendants: the Mecklenburg County Jail, Sheriff Pendergraph, Dr. Meelory, Ms. E. Clark, and Ms. Gravit.[1] Plaintiff seeks seventy-five million dollars in damages.

A review of Plaintiff's Complaint reveals that he does not link any of his claims to

---

[1] Plaintiff lists Ms. Clark as the "administration manager medical" at the Mecklenburg County Jail and lists Ms. Gravit as the "assis administration manager medical" at the same facility.

actions by any of the defendants. Indeed, despite the form complaint's specific direction to "[d]escribe how each defendant is involved," Plaintiff fails to even mention any of the named defendants in the text of his Complaint. Consequently, Plaintiff fails to state a claim against the Defendants and Plaintiff's Complaint is dismissed.

In addition, the Court notes that Plaintiff's Complaint consists of essentially a list of claims with minimal to no factual basis. A complaint, however, must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)(a plaintiff "must present more than naked allegations " to survive dismissal). Plaintiff has failed to meet this burden and his Complaint is dismissed on this basis as well.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED**.

Signed: March 25, 2009

Graham C. Mullen
United States District Judge